Federal Communications Commission
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

September 17, 2026

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
Sacramento, CA 94103

Re: *SZ DJI Tech. Co. v. FCC*, No. 26-1029

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), the FCC writes to update the Court on recent relevant developments.

On March 6, 2026, the FCC moved to dismiss this case for lack of jurisdiction. The Commission explained that the Public Notice challenged here, DA 25-1086, 40 FCC Rcd. 10215 (Pub. Safety & Homeland Sec. Bur. 2025), is not a final Commission order subject to review under 28 U.S.C. § 2342 and 47 U.S.C. § 402(a). The Public Notice is not final "because DJI has sought reconsideration from the agency." Mot. 2. And in addition, "Congress has provided for review only of matters that have been reviewed and decided by the Commission itself," not "staff-level action" like the Public Notice. *Ibid.*

On May 28, this Court denied the FCC's motion "without prejudice to renewing these jurisdictional arguments in the answering brief." Order, Dkt. Entry 25-1, at 1. It directed merits briefing to begin November 2. *See id.*

On September 4, the Supreme Court (with only Justice Jackson dissenting) issued a *per curiam* order recalling and granting a stay of the Fourth Circuit's mandate in a case involving nearly identical jurisdictional issues. *See Nat'l Republican Congressional Comm. v. Brown*, No. 26A274, 2026 WL 2618462 (U.S. Sept. 4, 2026) (per curiam). The Court explained that the Communications Act "provides that '[t]he filing of an application for review * * * shall be a condition precedent to judicial review of any order, decision, report, or action made or taken pursuant to a delegation'" of authority from the full Commission. *Id.* at *1 (alterations in original; quoting 47 U.S.C. § 155(c)(7)). The Act thus "makes clear," the Court explained, "that an aggrieved party must wait for the Commission to

resolve its application for review" of a staff-level decision "before filing a petition for judicial review." *Ibid.* In *NRCC*, the petitioners' "application for review was pending when they filed their petition for review." *Id.* at *2. The Court thus held that "the Fourth Circuit likely lacked statutory jurisdiction." *Ibid.* The same analysis pertains here.

Respectfully submitted,

*/s/ Scott M. Noveck*
Scott M. Noveck
*Counsel for Respondent Federal Communications Commission*

(Enclosure)

cc: All counsel (via CM/ECF)