**No. 26-1029**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

SZ DJI TECHNOLOGY CO., LTD., and DJI SERVICE, LLC,

*Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

On Petition for Review of an Order
of the Federal Communications Commission

# PETITIONERS' OPPOSITION TO RESPONDENTS' RENEWED MOTION TO DISMISS AND MOTION TO CONTINUE ABEYANCE

TRAVIS LEBLANC
ELIZABETH B. PRELOGAR
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
(202) 842-7800
tleblanc@cooley.com
eprelogar@cooley.com

*Counsel for Petitioners SZ DJI Technology Co., Ltd.
and DJI Service, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 3

ARGUMENT ........ 7

I. The Court Should Continue To Hold This Case In Abeyance. ........ 8

II. The Court Should Not Dismiss This Case While The Mandamus Petition Is Pending. ........ 11

A. The Court can decide the mandamus petition without resolving its jurisdiction over the petition for review. ........ 11

B. The Supreme Court's emergency orders do not require the Court to decide jurisdiction now. ........ 13

CONCLUSION ........ 16

CERTIFICATE OF COMPLIANCE ........ 18

CERTIFICATE OF SERVICE ........ 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Cal. Power Exch. Corp.*,
245 F.3d 1110 (9th Cir. 2001) ........................................ 12

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ........................................ 8

*FCC v. Brown*,
No. 26A476, slip op. (U.S. Oct. 14, 2026) ........................ 6, 14-15

*Landis v. North Am. Co.*,
299 U.S. 248 (1936) ........................................ 8

*Leyva v. Certified Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979) ........................................ 8

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........................................ 9

*Nat'l Republican Cong. Comm. v. Brown*,
No. 26A274, slip op. (U.S. Sept. 4, 2026) ........................ 6, 13-14

*In re Protecting Against Nat'l Sec. Threats to the Commc'ns Supply Chain Through FCC Programs*,
35 FCC Rcd 14284 (2020) ........................................ 7

*Telecomms. Rsch. & Action Ctr. v. FCC*,
750 F.2d 70 (D.C. Cir. 1984) ........................................ 12

*United States v. Ruiz*,
536 U.S. 622 (2002) ........................................ 12

*Webster v. Doe*,
486 U.S. 592 (1988) ........................................ 14

## Statutes

47 U.S.C. § 1601 ........................................ 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Rules & Regulations**

47 C.F.R.
§ 1.106(g) .......... 5
§ 1.106(h) .......... 5
§ 2.903 .......... 3

Ninth Cir. R. 27-11(a)(1) .......... 5

**Other Authorities**

FCC Public Notices
DA 25-1086 (Dec. 22, 2025) .......... 3
DA 26-300 (Mar. 30, 2026) .......... 6
DA 26-592 (June 16, 2026) .......... 5

## INTRODUCTION

Ten months ago, the Federal Communications Commission's Public Safety and Homeland Security Bureau placed products of Petitioners SZ DJI Technology Co., Ltd. and DJI Service, LLC (collectively, "DJI") on the Covered List. The Commission's decision took effect the day it issued, immediately barring DJI from marketing or importing new drones in the United States, and setting aside existing authorizations for various DJI products that are not drones at all. The listing has caused grave harm to DJI and its users—the first responders, utilities, and businesses that rely on DJI's industry-leading equipment. Because the listing violated the Constitution and federal law, DJI promptly filed a petition asking the full Commission to reconsider and, to preserve its rights, filed a petition for review in this Court. But the Commission has thus far shielded its far-reaching, unlawful decision from any judicial check—delaying action on the petition for reconsideration for nine months and twice moving to dismiss this case.

DJI opposes Respondents' Renewed Motion to Dismiss and asks the Court to continue holding this petition for review in abeyance while the Court considers the mandamus petition that DJI is filing today and, if the writ issues, until the Commission acts. In May, a motions

panel of this Court declined to decide the Commission's jurisdictional objections and held the case in abeyance for six months, presumably with the expectation that the Commission would act on DJI's petition for reconsideration during this period. Dkt. 25. But more than nine months after DJI sought reconsideration, the Commission still has not acted, and DJI still cannot market or import new products in the United States. The Commission nevertheless contends that this Court must dismiss the petition for review and that DJI's only recourse for the Commission's delay is a petition for mandamus. Dkt. 27 at 25-26.

DJI is filing that petition today, asking this Court to direct the Commission to decide the petition for reconsideration promptly. If the writ issues and the Commission acts, the jurisdictional questions the renewed motion presses may never require an answer. Those questions are far more complex than the Commission suggests. They turn on finality under the Hobbs Act, the Communications Act's exhaustion requirements, and the effect of a pending petition for reconsideration on this Court's jurisdiction. *See* Dkt. 28 at 2. DJI therefore asks the Court to continue to hold this case in abeyance. With the mandamus petition pending, the case for holding the petition for review in abeyance is stronger now than it was in May when the motions panel denied the Commission's initial motion to dismiss.

## BACKGROUND

On December 22, 2025, the FCC's Public Safety and Homeland Security Bureau issued Public Notice DA 25-1086, which reached DJI's products in two ways. It added to the Covered List maintained under 47 U.S.C. § 1601 all uncrewed aircraft systems (UAS) and UAS critical components produced in foreign countries, as well as "all communications and video surveillance equipment and services listed in Section 1709(a)(1)" of the FY2025 National Defense Authorization Act, a provision that names DJI. *See* Dkt. 21 at 5-6 (quoting Public Notice at 1-3). Although the Commission maintains that the Public Notice is not "the 'consummation' of the agency's decisionmaking process," Dkt. 27 at 18 (citation omitted), the listing took effect the day it issued. Dkt. 21 at 1. As a result, products on the Covered List are ineligible for equipment authorization and cannot be marketed in or imported into the United States. 47 C.F.R. § 2.903; *see* Dkt. 21 at 4; Dkt. 27 at 2-3. The Commission also set aside existing authorizations for DJI products, including non-drone products, without any process. Dkt. 21 at 7.

On January 21, 2026, DJI petitioned the Commission for reconsideration of the Bureau's decision. Pet. for Recons., *In re SZ DJI Tech. Co.*, ET Dkt. No. 26-22 (FCC Jan. 21, 2026); *see* Dkt. 21 at 7. To

protect its right to judicial review in the event the Commission did not act, DJI filed this petition for review in February 2026. *See* Dkt. 21 at 16-17. DJI's concern has proved well founded. More than nine months later, the petition for reconsideration remains pending. But rather than issue a decision on the petition, the Commission moved to dismiss this case. It argued that this Court lacks jurisdiction to review the Public Notice until the full Commission decides DJI's petition for reconsideration. Dkt. 17 at 11-12; Dkt. 24 at 10-12. DJI responded that the motions panel should defer deciding the jurisdictional question on a preliminary record and should instead hold the case in abeyance, which would give the Commission time to act while protecting DJI against indefinite agency delay. Dkt. 21 at 23-26. The motions panel agreed, denying the motion to dismiss "without prejudice to renewing the arguments in the answering brief," and ordering that the case be held in abeyance until November 2026, with the apparent expectation that the Commission would act on the petition for reconsideration during this abeyance period. Dkt. 25 (citing *Nat'l Indus. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1262 (9th Cir. 1982)).

The pleading cycle on the reconsideration petition closed in May. Dkt. 21 at 23. But after this Court's abeyance order, the Commission's

Office of Engineering and Technology opened another comment period of more than ten weeks, this time on a security assessment that DJI filed at the request of the Office of General Counsel. FCC Public Notice, DA 26-592, at 1-2 (OET June 16, 2026). Neither the Commission's rules nor the reconsideration petition requires that kind of process: The rules provide for an opposition and a reply, not further rounds of comment. 47 C.F.R. § 1.106(g)-(h). Nor could the second comment period bear on the central issue presented by the reconsideration petition, which turns on whether the Bureau had the national-security determination the statute requires at the time it added DJI's products to the Covered List.

Although the May order issued by this Court contemplated that the Commission would renew its jurisdictional arguments in its answering brief, Dkt. 25, the Commission instead filed a second motion to dismiss during the abeyance period and has asked this Court to rule as soon as possible after November 2. Dkt. 27 at 1-2.[1] The Commission's second motion rests on two recent Supreme Court emergency-docket orders involving a Media Bureau public notice

[1] Under Ninth Circuit Rule 27-11(a)(1), a motion requesting dismissal "shall stay the schedule for record preparation and briefing pending the Court's disposition of the motion."

about the rates broadcasters must charge for campaign advertising. FCC Public Notice, DA 26-300 (Media Bureau Mar. 30, 2026). Four congressional candidates asked the full Commission to review the notice and, two months later, petitioned the Fourth Circuit for review while their application remained pending. *National Republican Cong. Comm. v. Brown*, No. 26A274, slip op. at 1 (U.S. Sept. 4, 2026) (per curiam) (*NRCC*). On an expedited schedule ahead of the midterm elections, the Fourth Circuit held that it had jurisdiction and set aside the notice. *Id.* at 1-2. In September, the Supreme Court stayed that decision, concluding that the Fourth Circuit "likely lacked statutory jurisdiction" because the candidates' application for review was still pending before the Commission. *Id.* at 3. The Fourth Circuit later ordered the Commission to resolve the application within 48 hours, and the Supreme Court stayed that mandamus order. *FCC v. Brown*, No. 26A476, slip op. at 2-4 (U.S. Oct. 14, 2026) (per curiam) (*Brown*). While the FCC's renewed motion treats *NRCC* and *Brown* as resolving the jurisdictional questions in this case, *see* Dkt. 27 at 15, those orders arose in a materially different factual posture.

Because of the Commission's continued delay and efforts to avoid judicial review, DJI is today filing a petition for a writ of mandamus in this Court. The petition explains that the Commission's delay is

unreasonable under this Court's agency-delay standards. The Commission has long taken the position that placing equipment on the Covered List "is a non-discretionary, ministerial act," so nothing about the merits of DJI's petition requires extended deliberation. Second Report & Order, *In re Protecting Against Nat'l Sec. Threats to the Commc'ns Supply Chain Through FCC Programs*, 35 FCC Rcd 14284, 14318 ¶ 75 (2020) (citation omitted); *see* Pet. for Writ of Mandamus at 20-21. And the Commission has previously resolved petitions for reconsideration of comparable national-security designations in under six months. Pet. for Writ of Mandamus at 18 & n.8. Meanwhile, the listing harms DJI every day, along with the first responders, utilities, and businesses that rely on DJI's products. Pet. for Writ of Mandamus at 27-31. The petition asks the Court to direct the Commission to decide DJI's petition for reconsideration promptly so that DJI can finally obtain judicial review of the agency's unlawful action.

## ARGUMENT

The Court should continue to hold this case in abeyance and should decline the Commission's invitation to rule on the Commission's jurisdictional objections now. Abeyance costs the Commission nothing, spares the parties and the Court from litigating difficult questions that may never need an answer, preserves DJI's

path to review if the Commission never acts, and follows the course the Court set in May. The pending mandamus petition strengthens that conclusion. The Court can decide the mandamus petition without resolving its jurisdiction over the petition for review, and the Supreme Court's recent emergency orders—which considered a materially different set of facts—do not require the Court to decide the jurisdictional question now.

## I. The Court Should Continue To Hold This Case In Abeyance.

The Court has ample authority to keep this case on hold while it decides DJI's mandamus petition, and it should exercise that authority here. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A court may stay a case "pending resolution of independent proceedings which bear upon the case," whether those proceedings are "judicial, administrative, or arbitral in character," and the other proceeding need not be "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *see, e.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-70 (9th Cir. 1962)

(approving a stay pending a related agency proceeding). In deciding whether to stay a case, this Court weighs "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268). Each of those factors favors continued abeyance.

*First*, abeyance will not harm the Commission. The Commission itself argues that requiring its counsel to defend the Public Notice on the merits "while the Commission is still considering DJI's petition for reconsideration . . . is unwarranted." Dkt. 27 at 23-24. Holding the case in abeyance pending resolution of the mandamus petition would accomplish the same goal, leaving the Commission free to decide DJI's petition before this Court reaches the merits.

*Second*, abeyance serves the orderly course of justice, because going forward now would impose needless burdens on the parties and the Court. The Commission contends that merits briefing should not proceed while the petition for reconsideration is pending, and an abeyance pending resolution of DJI's mandamus petition would

address that concern. The only other way forward is for the Court to decide now the jurisdictional questions it deferred in May. Those questions remain complex. *See* Dkt. 28 at 2 (identifying questions of finality under the Hobbs Act, the Communications Act's exhaustion requirements, and the interplay between DJI's pending petition for reconsideration and this Court's jurisdiction). And the mandamus proceeding may make them unnecessary to decide. If the Court grants the writ and directs the Commission to issue a final order promptly, DJI can seek review of that order, and the jurisdictional dispute disappears. If the Court denies the writ, the jurisdictional questions will be no harder to decide then than they are now. Either way, continuing the abeyance lets the Court avoid those questions unless and until it must decide them.

Continued abeyance is also consistent with the Court's May order. As DJI then explained, abeyance until November 2026 would give the Commission "more than sufficient time to decide the petition and to address the serious harm to DJI and its users." Dkt. 21 at 23. The Commission has now had more than nine months and yet still has not acted. DJI has responded with the course the Commission itself identified: a petition asking this Court to compel the Commission to decide. DJI maintains that this Court has jurisdiction over the

petition for review and could decide the merits now, if necessary. But it agrees with the Commission that mandamus is an appropriate way to address the Commission's delay. Holding the petition for review in abeyance gives this Court the opportunity to address DJI's mandamus petition and avoids unnecessarily wrestling with complex jurisdictional issues that the Court may never need to address. It also avoids the risk that the Commission will simply never adjudicate DJI's petition for reconsideration, thus requiring DJI to treat the petition as constructively denied and therefore reviewable in this Court under the existing petition for review. *See infra* note 2.

## II. The Court Should Not Dismiss This Case While The Mandamus Petition Is Pending.

### A. The Court can decide the mandamus petition without resolving its jurisdiction over the petition for review.

The Commission itself acknowledges that mandamus is an appropriate remedy at this stage. Its renewed motion states that if the Commission fails to act within a reasonable period, DJI may seek relief "through the proper vehicle of a petition for mandamus." Dkt. 27 at 25-26. The government told the Supreme Court the same thing in *NRCC*: a party who believes the Commission "was not moving quickly enough" should "seek a writ of mandamus from the court of

appeals." Resp'ts U.S. & FCC Br. at 3, *NRCC*, No. 26A274 (U.S. Aug. 31, 2026). DJI has now filed that petition.

This Court's authority to decide the mandamus petition does not depend on the jurisdictional dispute the renewed motion presents. The All Writs Act "authorizes [this Court] to issue mandamus relief necessary to protect [its] 'prospective jurisdiction.'" *In re Cal. Power Exch. Corp.*, 245 F.3d 1110, 1119 (9th Cir. 2001) (citation omitted). That authority exists because "the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes." *Telecommunications Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984). Holding this case in abeyance while the Court considers the mandamus petition addresses DJI's concern that the Commission could evade judicial review indefinitely, and it does so without requiring this Court to decide now whether it may review the listing decision. A federal court "always has jurisdiction to determine its own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002), and deferring that determination is the same docket-management decision the Court made in May. Dkt. 25 (citing *Nat'l Indus.*, 677 F.2d at 1262).

### B. The Supreme Court's emergency orders do not require the Court to decide jurisdiction now.

The Commission contends that *NRCC* and *Brown* leave "no possible doubt that this Court lacks jurisdiction." Dkt. 27 at 15. But neither order addressed the question this motion presents, which is whether the Court may hold a petition for review in abeyance while it decides a mandamus petition to compel the agency action that would confirm that review is available.

*NRCC* arose in a very different posture. The candidates there went to court two months after seeking Commission review, and the Fourth Circuit expedited briefing, reached the merits, and set aside a Commission notice weeks before an election. *NRCC*, slip op. at 1-2. Based on that record, the Supreme Court applied the stay standard and concluded that the Fourth Circuit "likely lacked statutory jurisdiction" to issue that merits ruling. *Id.* at 3. Here, DJI has asked for no merits ruling, and this Court has issued none. DJI asks only that the Court hold this case in abeyance while it considers the remedy that the Commission and the Supreme Court have both pointed to: mandamus.[2]

---

[2] The Supreme Court also did not address whether the Commission's inaction amounted to a constructive denial of the application for review. A concurring judge in the Fourth Circuit relied on that theory,

Nor did *NRCC* involve an order like this one, which effectively shuts a company's products out of the American market. The notice in *NRCC* concerned which political advertisers may pay the lowest rates broadcasters charge for campaign advertising. *NRCC*, slip op. at 1. It affected what some advertisers paid, but it barred no one from buying airtime. The Public Notice here took effect the day it issued and bars DJI from marketing or importing new products in the United States, with no further agency action needed. Dkt. 21 at 1-2. Those immediate legal consequences make the Public Notice a final order that this Court has jurisdiction to review. *Id.* at 8-23. On the Commission's view, by contrast, the Bureau can exclude a company's products from the United States for months, if not years, and the company can obtain no judicial review of that decision until the Commission chooses to act—even if it delays far beyond the timeline Congress contemplated. *See Brown*, slip op. at 4; Dkt. 21 at 19, 24. Reading the jurisdictional statutes to permit that result would raise serious constitutional questions. *See Webster v. Doe*, 486 U.S. 592, 603 (1988) ("[W]here Congress intends to preclude judicial review of

---

and the government contested it in the Supreme Court. *See NRCC*, Dissent at 1 (Jackson, J., dissenting); Resp'ts U.S. & FCC Br. at 20-21, *NRCC*, No. 26A274. But the Court's per curiam opinion does not address it or purport to foreclose it in an appropriate case.

constitutional claims its intent to do so must be clear."); Dkt. 21 at 19-23.

*Brown* does not resolve the mandamus petition either. The Supreme Court reaffirmed there that the Communications Act "requires the Commission to act on every application it receives," although it "does not obligate the Commission to act within a particular timeframe." *Brown*, slip op. at 4. The Court held a writ inappropriate where the Fourth Circuit had required a decision "just five months after [the application] was filed and within just 48 hours," *id.*, one week after the comment period on the application closed and while the Commission was taking comment on a parallel application, *id.* at 2-3. The Court also reaffirmed that, in contrast to the situation in *Brown*, mandamus is proper to compel an agency to "perform a ministerial or non-discretionary act." *Id.* at 3 (quoting *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 63-64 (2004)).

DJI's petition rests on a different record. DJI sought reconsideration more than nine months ago, and the pleading cycle closed in May. The later comment period on DJI's security assessment, which closed in August, does not change that. None of those later filings bears on whether the Bureau's listing rested on a valid national-security determination, a question that turns on the

record before the Bureau when it acted. *See* Pet. for Writ of Mandamus at 20, 23-26.

More than two months later, the Commission still offers no estimate of when it will act. Its renewed motion says only that the Commission "is in the process of analyzing" the record. Dkt. 27 at 15. And the Commission has described its role in updating the Covered List as ministerial. Whether the Commission's delay is unreasonable is the question the mandamus petition presents, and the Commission may contest it there. It is not a reason to dismiss this petition for review.

## CONCLUSION

The Court should deny the Renewed Motion to Dismiss or defer it with the case; continue to hold this petition for review in abeyance pending resolution of DJI's mandamus petition and, if the Court grants the writ, until the Commission acts on the petition for reconsideration; and direct the parties to file a joint status report within 14 days of the Court's decision on mandamus.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Elizabeth B. Prelogar*
TRAVIS LEBLANC
ELIZABETH B. PRELOGAR
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
(202) 842-7800
tleblanc@cooley.com
eprelogar@cooley.com

*Counsel for Petitioners SZ DJI Technology Co., Ltd. and DJI Service, LLC*

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and Circuit Rules 27-1(1)(d) and 32-3 because it contains 3,416 words, including words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f).

This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it was prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point font.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing with the United States Court of Appeals for the Ninth Circuit using the electronic filing system.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar