**RELIEF REQUESTED AS SOON AS POSSIBLE**

**No. 26-1029**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

SZ DJI TECHNOLOGY CO., LTD., and DJI SERVICE, LLC,
*Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
*Respondents*.

---

On Petition for Review of an Order of
the Federal Communications Commission

---

# REPLY IN SUPPORT OF RESPONDENTS' RENEWED MOTION TO DISMISS

---

DJI's petition for review seeks direct review of a Public Notice issued by the FCC's Public Safety and Homeland Security Bureau. That staff-level Public Notice was issued by a subordinate body within the agency, not by the full Commission itself. DJI has filed a petition for reconsideration with the agency seeking further administrative review, but that further review is ongoing and the Commission has not yet ruled on it. Accordingly, there has been no final Commission order subject to

judicial review under 28 U.S.C. § 2342 and 47 U.S.C. § 402(a).

As the Supreme Court reaffirmed just recently, the court lacks statutory jurisdiction to review staff-level action absent a final order of the Commission. *Nat'l Republican Congressional Comm. v. Brown*, 609 U.S. 1082 (2026) (per curiam) (*NRCC*); *see* Mot. 8–9, 11–16. Section 5(c)(7) of the Communications Act provides that "[t]he filing of an application for review" by the full Commission "shall be a condition precedent to judicial review" of any staff action, and that "the time within which a petition for review must be filed * * * shall be computed from the date upon which [the Commission] dispos[es] of all applications for review." 47 U.S.C. § 155(c)(7). Through this provision, the Supreme Court explained, "the Communications Act makes clear that an aggrieved party must wait for the Commission to resolve its application for review by order before filing a petition for judicial review." *NRCC*, 609 U.S. at 1084; *see also Stone v. INS*, 514 U.S. 386, 392 (1995) (Under the Hobbs Act, "a motion to reconsider renders the underlying order nonfinal for purposes of judicial review," so "a party who has sought rehearing cannot seek judicial review until the rehearing has concluded.").

DJI does not seriously dispute any of this. It seeks (Opp. 14) to distinguish *NRCC* on the basis that the order here has "immediate legal consequences." But that was true in *NRCC*, too, and the Supreme Court nonetheless stayed the mandate after the Fourth Circuit sought to assert jurisdiction in part on that basis. *See Brown v. FCC*, 189 F.4th 362, 381 (4th Cir. 2026) (Wynn, J., concurring) (challenged order "goes into effect" immediately), *mandate stayed by NRCC*, *supra*, 609 U.S. 1082; *see also* Mot. 17–18 (collecting additional authority foreclosing this distinction). DJI otherwise simply cross-references its opposition to the Commission's original motion to dismiss, and so cites no authority that can contravene *NRCC*.

Instead, DJI focuses on arguing that the Court should "hold this case in abeyance" indefinitely pending action on its newly filed petition for mandamus. Should the Court call for a response to that mandamus petition, *see* 9th Cir. R. 21-4 ("No answer to such a petition may be filed unless ordered by the Court"), the government is prepared to explain why it should be denied. For present purposes, the mandamus petition only confirms that the Court lacks jurisdiction over the petition for review in this case, and that this case must therefore be dismissed. The mandamus petition seeks an order compelling expedited action on DJI's petition for

administrative reconsideration (even though DJI has never asked the agency itself for expedited consideration) because, it says, a final Commission-level order is needed for DJI to have "opportunity to seek judicial review." *See* Pet. for Mandamus at 31–33, *In re SZ DJI Tech. Co.*, No. 26-7367 (9th Cir. filed Nov. 3, 2026). DJI thus concedes our point here: The staff-level Public Notice it seeks to challenge in this case is not itself judicially reviewable, and the Court therefore lacks jurisdiction over the petition for review.

No useful purpose would be served by holding this case on the Court's docket rather than simply dismissing it. DJI's opposition identifies no good reason not to dismiss the case. It states in cursory fashion that abeyance would "spare[] * * * the Court from litigating difficult questions" (Opp. 7), but the basis for dismissing this case—the lack of a final Commission order subject to judicial review—is straightforward. DJI's opposition does not meaningfully contest that this Court lacks jurisdiction, and the Supreme Court's recent decision in *NRCC* makes that clear beyond peradventure. In urging the Court to nonetheless keep this case on its docket, DJI seemingly aims to enlist the Court in an improper effort to superintend ongoing agency proceedings. *Cf. Pub. Util. Comm'r of Or. v. Bonneville Power Admin.*, 767 F.2d 622,

630 (9th Cir. 1985) ("[T]his court's supervisory province as to agencies is not as direct as our supervisory authority over trial courts."); *cf. FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 141–42 (1940). That extraordinary request may be considered—if at all—only in a separate proceeding considering DJI's mandamus petition, and only through the careful strictures of mandamus; it is not a basis for refusing to dismiss the plainly defective petition for review in this case.

Seven months ago, in response to our original motion to dismiss, DJI asked the Court to hold this case in "limited abeyance" for *only* "six months"—and if not resolved by then, "[a]t that point, the parties could brief any remaining jurisdictional arguments." Dkt. Entry 21.1, at 24 (filed Apr. 15, 2026). The Court adopted that proposal in an order stating that it would "hold this case in abeyance until November 2026" but then promptly resume litigation at that time, with briefing to begin on November 2, 2026. 5/28/26 Order (Dkt. Entry 25.1). Now, faced with intervening Supreme Court precedent that clearly commands dismissal, DJI has expanded its earlier request for a "limited" abeyance to encompass an unlimited, indefinite period of further delay. Particularly when DJI has now filed a petition for mandamus—which Respondents argued, months ago, is the only proper means of enlisting this Court's

intervention in ongoing Commission proceedings, *see* Dkt. Entry 24.1, at 12 (filed May 4, 2026)—the Court should hold DJI to its original position and decide the motion to dismiss now. There is no reason or justification for any further delay.

* * *

For the foregoing reasons, and those stated in our renewed motion to dismiss, the Court should promptly dismiss this case for lack of jurisdiction.

Dated: November 9, 2026

Respectfully submitted,

/s/ *Scott M. Noveck*

Christopher S. Santini
*Acting General Counsel*

Jacob M. Lewis
*Associate General Counsel*

Sarah E. Citrin
*Deputy Associate General Counsel*

Scott M. Noveck
*Counsel*

FEDERAL COMMUNICATIONS COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal Communications Commission*

Sharon Swingle
Urja Mittal
*Attorneys*

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, APPELLATE STAFF
950 Pennsylvania Ave. NW
Washington, DC 20530

*Counsel for Respondent United States of America*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains 1,021 words, *or*

   ☐ this document uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using __________________ with ______________________.

/s/ *Scott M. Noveck*
Scott M. Noveck
*Counsel for Respondents*